UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY VIED, Personal Representative of the
DONNA LEE, DECEASED; MARY VIED,
Personal Representative of the ESTATE OF
JENNIFER LEE, DECEASED;  MARY VIED as
Next Friend of  KL A MINOR, and
NICHOLAS LEE,  individually;

      Plaintiffs,

                                       Case No. 09-13734

vs.

                                       Judge Patrick Duggan

CONTINENTAL TIRE NORTH AMERICA, INC.,
a foreign corporation,

      Defendants.
_____

ROBERT H. DARLING (P25523)      EDWARD KRONK  (P16258)
SOMMERS SCHWARTZ, P.C.        MAUREEN T. TAYLOR   (P63547)
Attorney for Plaintiff               BUTZEL LONG
2000 Town Center, Suite 900      Attorney for Defendant Continental Tire NA
Southfield, MI  48075-1100        150 West Jefferson, Suite 100
(248) 355-0300 / (248) 936-2125 (Fax)  Detroit, MI   48226
rdarling@sommerspc.com        (313)  225-7000 / (313) 225-7080 (Fax)
                                 taylorm@butzel.com; kronk@butzel.com

_____

### PLAINTIFFS' RESPONSE TO DEFENDANT'S
### MOTION TO EXCLUDE EVIDENCE OR IN THE ALTERNATIVE,
### MOTION IN LIMINE REGARDING DISSIMILAR TIRES

      NOW COME the Plaintiffs herein, by and through their attorneys, Sommers

Schwartz, P.C., and in answer to Defendant, Continental Tire North America, Inc.'s motion

in limine to exclude evidence of and expert testimony concerning dissimilar tires asks that

Defendant's motion be denied for the reasons in the attached Brief.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

BY:  s/ROBERT H. DARLING (P25523)
Attorney for Plaintiffs
2000 Town Center, Suite 900
Southfield, Michigan 48075
(248)355-0300
rdarling@sommerspc.com

Dated:  December 6, 2010


## CERTIFICATE OF SERVICE

The undersigned certifies that on December 6, 2010, I electronically filed  the foregoing Plaintiffs' Response to Defendant Continental Tire's Motion to Exclude Evidence Regarding Dissimilar Tires and Other Defenses to Plaintiffs' Complaint  and this Certificate of Service with the Clerk of the Court using the ECF filing system which will send notification of such filing to  Maureen Taylor (taylorm@butzel.com) and Edward Kronk (kronk@butzel.com).

BY:  s/ROBERT H. DARLING (P25523)
Attorney for Plaintiffs
2000 Town Center, Suite 900
Southfield, Michigan 48075
(248)355-0300
rdarling@sommerspc.com

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY VIED, Personal Representative of the
DONNA LEE, DECEASED; MARY VIED,
Personal Representative of the ESTATE OF
JENNIFER LEE, DECEASED;  MARY VIED as
Next Friend of  KL A MINOR, and
NICHOLAS LEE,  individually;

       Plaintiffs,

                                       Case No. 09-13734

vs.

                                       Judge Patrick Duggan

CONTINENTAL TIRE NORTH AMERICA, INC.,
a foreign corporation,

       Defendants.
_____

ROBERT H. DARLING (P25523)        EDWARD KRONK  (P16258)
SOMMERS SCHWARTZ, P.C.           MAUREEN T. TAYLOR   (P63547)
Attorney for Plaintiff                BUTZEL LONG
2000 Town Center, Suite 900        Attorney for Defendant Continental Tire NA
Southfield, MI  48075-1100          150 West Jefferson, Suite 100
(248) 355-0300 / (248) 936-2125 (Fax)   Detroit, MI   48226
rdarling@sommerspc.com          (313)  225-7000 / (313) 225-7080 (Fax)
                                   taylorm@butzel.com; kronk@butzel.com
_____

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE EVIDENCE OR IN THE ALTERNATIVE,
MOTION IN LIMINE REGARDING DISSIMILAR TIRES**

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300
2000 TOWN CENTER  •

## SUMMARY OF ISSUES PRESENTED

Whether the Court should exclude all evidence of failures of similar tires without allowing a foundation to be given?

Plaintiffs say "NO".

Defendant says "YES".

## <u>INDEX OF AUTHORITIES</u>

### <u>CASES</u>

*Bailey v. Kawasaki-Kisen, K.K.*, 455 F.2d 392 (5th Cir.1972)................................................3

*Bryan v. Emerson Elec. Co., Inc.*, 856 F.2d 192 (6th Cir. 1988)........................................2, 3

*In re Beverly Hills Fire Litigation,* 695 F.2d 207 (6th Cir.1982)*, cert. denied,* 461
    U.S. 929 (1983) ................................................................................................................3

*Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373 (6th Cir.
    1983) .........................................................................................................................2, 3, 4

*Payne v. A.O. Smith Corp.,* 99 F.R.D. 534 (S.D.Ohio 1983) ............................................3

*Rhodes v. Michelin Tire Corp.,* 542 F.Supp. 60 (E.D.Ky.1982) ........................................3

*Rimer v. Rockwell Int'l Corp.,* 641 F.2d 450 (6th Cir.1981) ...............................................3

*U.S. v. Johnson*, 697 F.2d 735 (6th Cir.1983) ....................................................................3

### <u>RULES</u>

FRE 401 ...........................................................................................................................1, 2, 3

FRE 402 ...............................................................................................................................2

FRE 403 .............................................................................................................................2, 3

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

## FACTUAL BACKGROUND

This case arises out of a single vehicle accident caused by the sudden and unexpected delamination of a tire manufactured by Defendant Continental. The tire was the right rear tire of a 1998 Ford Explorer and its failure caused the driver of the vehicle to lose control and drive off the road resulting in a vehicle roll over. At the time the vehicle was occupied by four persons – its driver, Jennifer Lee, and passengers, Donna Lee, Nicholas Lee and KL, a minor. All four occupants suffered discrete personal injuries in this incident. Passenger, Donna Lee, was cut in two and died at the scene. Jennifer Lee suffered grievous personal injuries that contributed to her death arising from the medical treatment of those injuries. Nicholas, age 17 at the time, and KL, then age 4, survived the accident, but each also sustained personal injuries as well as suffering from the emotional distress of witnessing the death of their grandmother, Donna Lee.

The Defendant has filed a motion in limine to exclude the testimony of "dissimilar tires". The Defendant does not identify what it means by the term "dissimilar" or does it identify what tires are "dissimilar". It offers no evidence whatsoever in support of its argument. It is the Defendant's burden to prove dissimilarity in support of its motion in limine. Granted, at the time of trial Plaintiffs are bound to identify substantial similarity in order for the evidence to be permitted in the record. The Defendant requests this Court to not allow Plaintiffs the opportunity to establish such.

## STANDARD OF REVIEW

Relevant evidence is defined in Federal Rule of Evidence ("FRE") 401, as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

1

evidence." "All relevant evidence is admissible . . ." FRE 402. Under FRE 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Under FRE 401, evidence is relevant if it has any tendency to make the existence of any fact that is on consequence of the action more probable or less probable than it would be without the evidence. Under FRE 402, all relevant evidence is admissible unless as otherwise provided by law.

In *Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373 (6th Cir. 1983), the Sixth Circuit Court of Appeals described the standard that should be relied upon when ruling on the admissibility of evidence of "similar incidents" under FRE 401, 402 and 403. In *Bryan v. Emerson Elec. Co., Inc.*, 856 F.2d 192 (6th Cir. 1988), the Court summarized the holding in *Koloda* regarding "substantial similarity":

> Notwithstanding the parties' citation of little Sixth Circuit case law, the use of prior accident evidence has been endorsed by this Circuit. See, e.g., *Koloda v. General Motors Parts Div.*, General Motors Corp., 716 F.2d 373, 376 (6th Cir.1983); The "substantial similarity" test applied by many courts and proposed by defendant is really an outgrowth of the application of Rules 401 and 403. If a prior accident is not similar in some way to the case before the court, then its admission will not make it more, or less, probable that the plaintiff suffered an injury nor will it prove any other issue in this case. Conversely, evidence of prior "similar" accidents admitted under a more restrictive standard are relevant to make any number of issues more or less probable. See *Koloda*, 716 F.2d at 376.
>
> The degree of similarity required to ensure the relevancy of a prior accident or injury will vary with the issue to which the evidence is directed. *Id.* at 375. These issues may include: (1) **physical condition or defect**; (2) causation; (3) existence of a dangerous situation at the time of the accident; or (4) notice or knowledge [sic] of danger. *Koloda*, 716 F.2d at 375. When plaintiffs attempt to prove causation with the existence of prior accident evidence, many courts have required that the prior accidents must be "substantially similar" to the accident in question in order to be relevant. If

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

2

the prior occurrence is offered to prove notice, however, a lesser degree of similarity is required provided the accident would have tended to warn the defendant. This Court has found evidence of prior similar incidents to be relevant to prove notice of a dangerous condition provided similar circumstances exist. See, e.g., *Koloda*, 716 F.2d at 376 (citing cases).

*Id.* (emphasis added). See also *In re Beverly Hills Fire Litigation,* 695 F.2d 207, 217-18 (6th Cir.1982)*, cert. denied,* 461 U.S. 929 (1983)*; Rimer v. Rockwell Int'l Corp.,* 641 F.2d 450, 456 (6th Cir.1981)*; Payne v. A.O. Smith Corp.,* 99 F.R.D. 534, 537 (S.D.Ohio 1983)*; Rhodes v. Michelin Tire Corp.,* 542 F.Supp. 60, 62 (E.D.Ky.1982). The 6th Circuit Court of Appeals in *Bryan* later went on to opine that there is no "fixed definition of the degree of 'similarity' required before prior accidents or occurrences become relevant. We do not feel any magic 'formula' could adequately sum up the various considerations involved. We will simply evaluate the trial judge's decision under the mandate of [FRE] 401." Thus, the 6th Circuit made it clear in *Bryan*, *supra*, that admissibility of similar occurrences is the trial judge's decision pursuant to FRE 401.

In regards to FRE 403, the *Bryan* court went on to opine that:

The second step in the inquiry is an analysis under Rule 403. Fed.R.Evid. 403. Notwithstanding the relevance of prior accident evidence, the trial court in its discretion may decide to exclude the evidence if its probative value is substantially outweighed by unfair prejudice or jury confusion. *Koloda*, 716 F.2d at 377; *In re Beverly Hills*, 695 F.2d at 217-18.

The court in *Koloda* went on to outline the district court's role in deciding these issues of admissibility under FRE 403:

District courts are allowed a broad range of discretion in deciding issues of admissibility under Rule 403. *U.S. v. Johnson*, 697 F.2d 735 (6th Cir.1983); *In re Beverly Hills Fire Litigation*, 695 F.2d 207 (6th Cir.1982). However, such discretion is not unlimited. In finding that evidence of similar incidents should not have been excluded, the court in *Bailey v. Kawasaki-Kisen, K.K.*, 455 F.2d 392 (5th Cir.1972), stated:

3

> It is true that we often say that the exclusion of evidence of this nature is within the "sound discretion" of the Trial Judge. This discretionary power does not, however, allow the Trial Court to exclude competent evidence which is essential and vital to a litigant's case unless there is a sound practicable reason for barring it. All must be looked to in terms of the purpose of the rule of exclusion, the interests to be served by admissibility and the qualifying instructions, if any, needed to eliminate the probability of harm. (Citations and footnotes omitted).

*Id.* at 378. The court in *Koloda* further stated that "In order to exclude evidence under Rule 403, it must be more than damaging to the adverse party; it must be unfairly prejudicial. In this regard it has been held: Of course, 'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" *Id.* (internal citation omitted).

## **ARGUMENT**

The fact that other tires of the same make, model and size have suffered similar failures as the one involved in the present case is relevant evidence under Federal Rules of Evidence 401 and 402 because this case concerns design and manufacturing defects that result from characteristics that those other tires have in common.  The fact that other tires are the same make and model but different size (yet designed and manufactured similarly) have suffered similar failures are the one involved in the present case is relevant evidence as well under Federal Rules of Evidence 401 and 402[1].  The fact that other brands of tires has sustained similar belt separation failures as the one involved in the present case is relevant evidence under Federal Rules of Evidence 401 and 402 for knowledge and notice

---

[1] The Defendant recalled the Continental model tire as the subject matter tire but did not (?) tire within the recall.  This is the subject of a separate motion by the Defendant.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

that the condition must be corrected to reduce unreasonable and foreseeable risks of injury.

The Defendant requests this Court to preclude introduction of evidence of any and all tire failures unless it is a "General Grabber AW P255/70R16-109S radial passenger tire manufactured at the CTNA's Mt. Vernon, Illinois plant in the 45th week of 2000" (**Document 33, p 1**).  It is surprising that the Defendant does not also include that the tire should be made in the morning of the same day, molded by the same tire technician or else it is not substantially similar as it fails to make any definition to "dissimilarity".  The Defendant's request for preclusion of "dissimilar tires" (of which no evidence is presented before this Court to establish its burden) is not that myopic.

While there may be some differences between "different" steel belted radial ply tires, the elements that go into making this particular type of tire are essentially the same as others.  All involve a manufacturing process in which different materials building up the tread of the tire are bonded together in layers.  And all such tires are subject to sudden and unexpected failure if the bond between the layers is compromised and gives way.  While the specific circumstances of each failure may be different, the mechanics of the failure are essentially the same.

Defendant's General Grabber AW P255/70R16 109S radial tire, in this regard, is not therefore unique, but falls within a class of tires that encompasses many other brands as well as others within its own model.  Defendant seeks a motion in limine that would exclude all evidence of similar tire failures occurring among other tires allegedly "different" from the subject tire notwithstanding that the tires are of the same size and model, the same model but different size, substantial similarities made by different manufacturers, having similar

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

belt edge and shoulder pocket characteristics is relevant evidence for consideration by the jury. Plaintiff objects to such a wholesale exclusion of evidence as being unduly restrictive and prejudicially barring Plaintiffs from introducing relevant evidence particularly when the Plaintiff is given no opportunity to prove relevance.

It is ironic that the defense expert bases his opinion testimony upon "his experience" – i.e. failures of tires of other makes, models, sizes, manufacturers. (**Exhibit 1, Grant deposition, pp 109 and 124**). Defendant's motion would prohibit Plaintiffs' experts from referring to similar failures in other brands of tires, prohibit Plaintiffs from cross-examining Defendant's experts about like failures in other tires but allow the defense expert artistic license to testify on anything he wishes. The conclusions and opinions of the Defendant's expert in this case are necessarily informed by what this expert knew of other such tire failures in other tires. Plaintiff's expert's understanding of how the tire likely failed in this case is based upon a careful study of past tire failures that give insight as to the cause of such failures. Defendant would silence Plaintiff's experts by unduly limiting the scope of their knowledge and experience while allowing defense experts that ability.

As with Defendant's similar motion in limine to bar evidence of dissimilar incidents, the similarities or dissimilarities of pertinent facts and characteristics of the tires in question would be best addressed as the proofs that are further developed by the witnesses at trial. Plaintiffs, therefore, ask that Defendant's motion in limine be denied as failing in proof.

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

6

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.


BY:  s/ROBERT H. DARLING (P25523)
Attorney for Plaintiffs
2000 Town Center, Suite 900
Southfield, Michigan 48075
(248)355-0300
rdarling@sommerspc.com

Dated:  December 6, 2010


**CERTIFICATE OF SERVICE**

     The undersigned certifies that on December 6, 2010, I electronically filed   the foregoing Plaintiffs' Response to Defendant Continental Tire's Motion to Exclude Evidence Regarding Dissimilar Tires and Other Defenses to Plaintiffs' Complaint  and this Certificate of Service with the Clerk of the Court using the ECF filing system which will send notification of such filing to   Maureen Taylor (taylorm@butzel.com) and Edward Kronk (kronk@butzel.com).


BY:  s/ROBERT H. DARLING (P25523)
Attorney for Plaintiffs
2000 Town Center, Suite 900
Southfield, Michigan 48075
(248)355-0300

rdarling@sommerspc.com

7

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

8